\*HARVEY CONRAD v. KELLER BRICK CO.

TENDER BACK OF CONSIDERATION PREREQUISITE TO REPUDIATION OF VOIDABLE AGREEMENT.

Tender back of the consideration received for a release from liability for personal injuries is prerequisite to avoidance of a voidable release.

ERROR to Summit common pleas court.

The petition in this case alleges that plaintiff was injured on August 9, 1905, while placing a new knife upon the shaft of a granulator, and that while in the performance of his duties the granulator was started in motion through the negligence of the foreman, without any warning being given, and that as a result he suffered injuries for which he asks judgment.

Plaintiff further says that the foreman negligently and carelessly started said belt and pug mill (granulator) in motion without being notified by the plaintiff that plaintiff was ready to have the foreman start the same, and without giving plaintiff any sufficient notice that he was about to start the same and without giving to plaintiff any notice whatever that he was about to start said belt in motion, or any opportunity to get off the same before said belt was started.

To this petition an answer was filed in which it is alleged, among other things, as a second defense, that the plaintiff signed a release and acknowledged the same before a notary public, reading as follows:

"In consideration of the sum of two hundred and seventy-five dollars ($275) to me in hand paid by the Keller Brick Company of Cuyahoga Falls, Ohio, I do hereby release and forever discharge said the Keller Brick Company from any and all actions, claims and demands for, upon or by reason of any damages, loss or injury which heretofore have been or which may hereafter be sustained by me in consequence of any injury which I received at the plant of the Keller Brick Company, Cuyahoga Falls, Ohio, on or about the ninth day of August, 1905.

"It is further agreed and understood that the payment of said sum of two hundred and seventy-five dollars ($275) is not to be con-

---

\*Affirmed, no op., *Conrad v. Brick Co.* 79 Ohio St. 461; affirming, *Conrad v. Brick Co.* 19 Dec. 593.

strued as an admission on the part of said the Keller Brick Company of any liability whatever in consequence of said accident or the injury to me.

"In witness whereof I have hereunto set my hand and seal this eighth day of September, A. D. 1905."

The defendant averred that by reason of the facts and things set forth in this, its second defense, plaintiff released said defendant from all liability to him by reason of the injuries complained of in this petition, and the plaintiff is now, by reason of the matters and things set forth in this, its second defense, estopped from asserting any claim for the matters and things complained of in this petition against this defendant.

To this answer plaintiff filed a reply in which he alleges that

"Plaintiff further denies that thereafter, to wit, on or about September 8, 1905, plaintiff also received and accepted from defendant as a full and complete settlement and release for all claims for damages and expenses against defendant and arising from such injury the further sum of $275, and denies that he ever received said sum, or any sum whatever, from defendant on account of said injuries, and further denies that by reason of the payment to him of said sum of $275 he released the defendant from all claims for damages against it arising from the injuries set forth in his petition.

"Plaintiff admits that on said eighth day of September, 1905, the sum of two hundred and seventy-five dollars was paid to him and that he signed what he understood to be a receipt for said payment; but plaintiff denies that said payment was made to him by the defendant, and denies that he ever knowingly signed any paper writing which released or purported to release the defendant from liability on account of the injuries received by plaintiff as set forth in his petition, and plaintiff says that if he signed the receipt and release of which defendant's amended answer purports to set forth a copy, he signed the same without understanding the true import and meaning thereof, and his signature thereto was obtained by deceit and fraud practiced on·him."

He then alleges that he received the sum of $275 by virtue of a contract between an insurance company and the defendant company whereby the employes of said defendant company were insured to some extent against accidents, and that by reason of such arrangement plaintiff was entitled to receive from the insurance company benefits amounting to the sum of $275, and that he signed what he understood to be a receipt therefor. Plaintiff then says that he did not read said paper and could not read the same, and that he signed it relying upon the state-

ments made to him that the paper was simply a receipt for the payment to him by the insurance company of insurance benefits to which he was entitled, and that he was not informed by anything said or read to him, or in any manner whatever, that defendant company was making such payment, or that said payment was intended to have any effect whatever in the way of releasing said defendant company from liability for the injuries which plaintiff had received, or that the paper which plaintiff signed as aforesaid purported to release said defendant company from any liability for such injuries.

On the first trial of this case the court overruled defendant's motion for judgment on the pleadings, and a verdict of $1,500 was rendered. On motion the court granted a new trial, and when the case came on for retrial defendant moved for judgment on the pleadings on the ground of the failure of plaintiff to make tender, and this motion was granted, the court stating that the plaintiff must put the defendant back in the position in which it was before the alleged fraud was perpetrated.

In deciding this motion the court cited with approval *Manhattan Life Ins. Co.* v. *Burke,* 69 Ohio St. 294 [70 N. E. Rep. 74; 100 Am. St. Rep. 666], and *Gould* v. *Bank,* 86 N. Y. 75, 79, the court holding:

"The compromise agreement unless annulled is an absolute bar to this action. It is a general rule laid down in the text-books and reported cases that the party who seeks to rescind a contract into which he has been induced to enter by fraud must restore to the other party whatever he has obtained by virtue of the contract. He cannot retain anything he received under the contract and yet proceed in disaffirmance thereof."

R. M. Smith, J. A. H. Myers and G. M. Anderson, for plaintiff.

Musser, Kimber & Hoffman and L. B. Bacon, for defendant:

Cited and commented upon the following authorities: *Perry* v. *O'Neil,* 78 Ohio St. 200 [85 N. E. Rep. 41]; *Columbus & Toledo Ry.* v. *Steinfield,* 42 Ohio St. 449; *Cassilly* v. *Cassilly,* 57 Ohio St. 582 [49 N. E. Rep. 795]; *Manhattan Life Ins. Co.* v. *Burke,* 69 Ohio St. 294 [70 N. E. Rep. 74; 100 Am. St. Rep. 666]; 8 Enc. Law & Proced. 531; *Gould* v. *Bank,* 86 N. Y. 75.

HENRY, J.

This is a personal injury damage case wherein judgment on the pleadings was entered for defendant. The answer pleads a written release, by plaintiff, of his alleged cause of action, for a money considera-

Conrad v. Brick Co.

tion paid to him. The reply admits that plaintiff signed said release and received said money but avers that the money was paid to him not by defendant but by an insurance company and not for a release of the cause of action asserted in his petition, but by way of insurance benefits to which he was then informed his injury entitled him. He further alleges that he was unable to read said release, but does not allege that he made any effort to have it read to him. Neither does he tender back the money paid him. On this state of the pleadings the court below applied the rule of the *Manhattan Life Ins. Co.* v. *Burke,* 69 Ohio St. 294 [70 N. E. Rep. 74; 100 Am. St. Rep. 666], that a reply alleging a payment or tender of the amount received is not responsive to the answer and is insufficient in law. True, that case was founded on contract, whereas this sounds in tort. But we cannot see that this distinction is material. There are undoubtedly cases where the plaintiff is permitted to ignore in his petition the fact of a pretended release of the liability on which he counts and to withhold repayment of the consideration received therefor. But in Ohio, at least, and with but few exceptions elsewhere, such cases upon analysis are seen to involve contracts that are not merely voidable for fraud, but contracts which are absolutely void, for total failure of consideration as in the *Dayton Insurance Co.* v. *Kelly,* 24 Ohio St. 345 [15 Am. Rep. 612]; illegality of consideration as in *Insurance Co.* v. *Hull,* 51 Ohio St. 270 [37 N. E. Rep. 1116; 25 L. R. A. 37; 46 Am. St. Rep. 571]; or other like infirmity rendering such agreement invalid, *ab initio.*

Where, however, as in this case, the contract of release is not void, but merely voidable for fraud, it is incumbent upon the plaintiff, before asserting his cause of action, to which the contract of release so long as it remains in force is a bar, to rid himself of that obstacle by appropriate measures for its avoidance. Tender back of the consideration received is in this case a prerequisite to such avoidance. Until such tender is made, the contract of settlement, being voidable merely, cannot be treated as a nullity, nor can its terms be contradicted by parol. *Cassilly* v. *Cassilly,* 57 Ohio St. 582 [49 N. E. Rep. 795].

Judgment affirmed.

**Marvin** and **Winch, JJ.,** concur.